IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MIKA HAILSTOCK                    :
                                  :
                                  :
   v.                             :   Civil Action No. DKC 11-1438
                                  :
THE HOME DEPOT U.S.A., INC.       :
                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this personal injury action is a motion for voluntary dismissal filed by Plaintiff Mika Hailstock. (ECF No. 11). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I. Background**

Plaintiff commenced this action against Defendant, The Home Depot U.S.A., Inc., by filing a complaint in the Circuit Court for Prince George's County, Maryland. On the same day it filed an answer, Defendant timely removed to this court on the basis of diversity of citizenship. A scheduling order was issued on June 3, 2011, and the discovery process commenced.

On June 15, Plaintiff filed the pending motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 11). She seeks dismissal of her complaint

without prejudice so that she may "re-file the case in the Prince George's County Circuit Court alleging damages in an amount less than $75,000." (ECF No. 11-1, at 1).

**II. Analysis**

Federal Rule of Civil Procedure 41(a)(2) provides that, after an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The "purpose" of the rule is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). To facilitate that purpose, the rule "permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Id*. The general rule is that "[a] plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001).

In assessing the propriety of a Rule 41(a)(2) dismissal, courts typically employ a non-exclusive, four-factor test. The relevant factors include: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present

stage of litigation, i.e., whether a motion for summary judgment is pending." *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D. Md. 2004) (citing *Teck General Partnership v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989, 991 (E.D.Va. 1998)).

Here, the admitted purpose of Plaintiff's motion is to litigate this case in state court. Indeed, she acknowledges her intent to re-file her complaint in state court, claiming damages below the jurisdictional minimum for federal diversity jurisdiction. Observing this, Defendant argues that the motion is, in effect, one to remand the case, and that "[t]he law is well established that a plaintiff cannot amend or stipulate to lower damages in order to avoid the jurisdiction of the federal court after the court's jurisdiction has attached." (ECF No. 12, at 2). As support for this proposition, Defendant relies principally on *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 194 (1938), in which the Supreme Court held that the plaintiff's complaint, "whether well or ill founded in fact, fixes the right of the defendant to remove and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election."

This argument has been considered and rejected by a number of courts, including in a recent opinion by Judge Grimm:

> *St. Paul* does hold that after removal a plaintiff may not force a remand by reducing the amount of the prayer below the diversity

3

> requirement or by changing the citizenship of the parties in an effort to defeat diversity. However, *St. Paul* and the other cases upon which defendant relies involve plaintiffs seeking *remand* directly or remand by the addition of another party in the federal case. The cases do not involve a request for *voluntary dismissal*. Therefore, defendant's cases are not instructive on the availability of a Rule 41(a)(2) dismissal in this situation.

*Lang v. Manufacturers & Traders Trust Co.*, 274 F.R.D. 175, 182 (D.Md. 2011) (quoting *O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639, 640-41 (W.D.Mo. 1989)) (emphasis in original); *see also Katzman v. American Airlines, Inc.*, No. 97 Civ. 8321 (JSM), 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997) ("even when plaintiffs seek discretionary dismissal under Rule 41(a)(2), nearly all courts grant those dismissals when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction") (collecting cases).

As noted previously, the relevant inquiry when considering a motion for voluntary dismissal is the manner and degree of prejudice that would inure to the defendant if the motion were granted. The instant defendant has failed to address that point altogether.

The mere prospect of defending the suit in state, rather than federal, court does not constitute prejudice. As the Fourth Circuit has explained:

> It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit. Thus, . . . the mere prospect of [a] transfer of litigation to state court [is] an insufficient basis for denying [a] motion for voluntary dismissal. Ordinarily the mere fact that a plaintiff prefers state courts ought not to prevent his discontinuing his suit; one court is as good as another.

*Davis*, 819 F.2d at 1274-75 (internal marks and citations omitted).

Application of the four-factor test set forth in *Wilson* also supports granting the requested relief. While Defendant has made no showing of its effort and expense in preparing for trial in federal court, any such effort and expense will certainly aid in the defense of the same case in state court. There has not been excessive delay or lack of diligence on the part of Plaintiff; indeed, she filed her motion for voluntary dismissal approximately three weeks after removal and two weeks after entry of the scheduling order. Moreover, Plaintiff's explanation of the need for dismissal, though not particularly compelling, is clearly not insufficient; the litigation has not advanced to any significant degree; and no dispositive motions have been filed. Under these circumstances, "a dismissal is warranted." *Lang*, 274 F.R.D. at 184.

The question remains, however, as to whether any conditions should be attached to Plaintiff's voluntary dismissal. As noted, Rule 41(a)(2) provides that any dismissal must be granted "on terms that the court considers proper." Courts "may condition a voluntary dismissal without prejudice on the payment of the nonmoving party's attorneys' fees and costs in the litigation." *Lang*, 274 F.R.D. at 185 (quoting *Best Indust., Inc. v. CIS BIO Int'l*, Nos. 97-1217, 97-1412, 1998 WL 39383, at *2 (4th Cir. Feb. 2, 1998)). While it is likely that attorney's fees associated with removal were minimal, Defendant was required to pay the filing fee in this court, and fairness dictates that Plaintiff should be made to reimburse that expense. Because Plaintiff acknowledges that she will be seeking damages in state court of less than the jurisdictional minimum in a diversity case, the court will also impose a condition that "Plaintiff be limited to a maximum amount of damages of [$75,000.00] in any subsequent lawsuit, regardless of the causes of action pleaded." *Lang*, 274 F.R.D. at 186 (citing *Scioneaux v. Monsanto Co.*, No. 01-1714, 2001 WL 1104632 (E.D.La. Sept. 19, 2001)).

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for voluntary dismissal will be granted.  A separate order will follow.

>  _____/s/_____
> DEBORAH K. CHASANOW
> United States District Judge